United States District Court
Southern District of Texas

**ENTERED**

July 27, 2018

David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| R.D., a Minor Child, by and through Joshonda Lewis-Owens, as Next Friend, And N.G., a Minor Child, by and through Nicosia Gray, as Next Friend, | § § § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | Civil Action No. 4:17-cv-03747 |
| General Motors LLC, | § § | |
| *Defendant.* | § § | |

## AGREED PROTECTIVE ORDER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Before the Court are Plaintiffs R.D., a Minor Child, by and through Joshonda Lewis-Owens, as Next Friend, and N.G., a Minor Child, by and through Nicosia Gray, as Next Friend. and Defendant General Motors LLC's (together the "Parties" or each individually a "Party") Agreed Motion for Entry of Protective Order filed July 26, 2018. The Court finds that the Parties' Motion should be and is hereby **GRANTED**.

**WHEREAS**, documents or information proprietary to General Motors LLC ("GM LLC"), and/or its component parts suppliers containing confidential, financial, proprietary, technical, and business information, and/or trade secrets ("Confidential Information") that bear significantly on the Parties' claims or defenses, may be produced or disclosed during the course of discovery in this litigation;

**WHEREAS**, disclosure of such Confidential Information may be injurious to GM LLC or its suppliers, placing them at a competitive disadvantage within the industry;

**WHEREAS**, counsel for the Party receiving Confidential Information are, at present, without sufficient information to accept the representations made by GM LLC, as to the confidential, proprietary, and/or trade secret nature of such Confidential Information;

**WHEREAS**, good cause has been shown for the entry of a Protective Order pursuant to Federal Rule of Civil Procedure 26(c); and

**WHEREAS**, the Parties wish to proceed with discovery in this action without burdening the Court with unnecessary procedural litigation.

**IT IS THEREFORE ORDERED THAT** the following rules and procedures shall govern Confidential Information produced in this action:

1.      Any document, data, or other material, including but not limited to, photographs, drawings, films, videotapes, electronically stored information, or other data ("documents"), which contain Confidential Information, may be designated as confidential by the producing Party.

2.      The Parties shall undertake, in good faith, to designate as confidential only those documents which they believe contain Confidential Information.

3.      All documents designated as confidential, and copies thereof, shall be marked "Subject to Protective Order," or "Confidential," or with substantially similar language, and shall not obscure any textual material in the document. Documents so marked and produced in this action shall be referred to as "Protected Document(s)."

4.      Protected Documents do not include (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c), documents that have been submitted to any governmental entity without a request for confidential treatment.

5.      Some of GM LLC's design information for the vehicle at issue in this case is maintained at GM LLC as "Math Data." The Math Data consists of two dimensional and three dimensional mathematical representations of the vehicle components and assemblies. These Math Data files are commercially sensitive to GM LLC. A competitor, counterfeiter, or other manufacturer who obtained these files, could immediately begin mass producing components in direct competition with GM LLC at a significant cost savings. Moreover, the electronic format of this two and three dimensional Math Data, could allow uncontrolled, mass dissemination of this data via the Internet, without the ability to determine the identity of the recipients or sender. This would be commercially devastating for GM LLC. Because of the heightened commercial sensitivity and risk associated with the Math Data, this data will be treated as follows for purposes of this case. All Math Data files will be produced in JT file format, on CDs that contain only JT files. This data shall remain the property of GM LLC and shall be subject to this Protective Order, notwithstanding any change or modification to the data. The CDs containing JT files will be labeled with the case name and a designation indicating that these files cannot be produced to individuals unrelated to this case. The designation shall contain the following notation: "Access Restricted to Civil Action No. 4:17-cv-03747, Lewis Owens, et al v. General Motors LLC only. This Data Cannot Be Disseminated To Persons Who Are Not Involved With This Case."

6.      Additionally, certain Protected Documents to be produced will include personal information of third parties that is protected by federal, state, or foreign data protection laws, or other privacy obligations, including (but not limited to), consumer and third-party names, (such as the first and last names of persons involved in an accident, or of other individuals not directly involved in an accident but included in documents related to an accident); Social Security

Numbers; health information relating to the past, present, or future physical, or mental health, or condition of an individual; the provisions of health care to an individual, or the past, present, or future payment for the provisions of health care to an individual; driver's license, or other identification numbers; personal financial information such as tax information, bank account numbers, and credit card numbers; insurance claim numbers; insurance policy numbers; VIN numbers, or any personal e-mail addresses, or other personal contact information (collectively referred to as "Personal Information"). When the producing Party reasonably believes that the Protected Document includes Personal Information, the documents or information will be labeled with the case name, and a designation indicating that these files cannot be produced to individuals unrelated to this case. The designation shall contain the following notation: "Access Restricted to Civil Action No. 4:17-cv-03747, Lewis Owens, et al v. General Motors LLC only. This Data Cannot Be Disseminated To Persons Who Are Not Involved With This Case."

7.     Protected Documents or Confidential Information produced subject to this Order, and any copies thereof, may be made available only to the following persons:

      i.  Attorneys of record in this action and their partners or associate attorneys;

      ii.  Any persons regularly employed by such attorneys or their firms, when working in connection with this action, under the supervision of partners, or associate attorneys of said firms;

      iii.  Any independent expert, attorney, consultant, or similar person consulted, or retained by counsel to provide assistance, expert advice, technical consultation, or testimony in this action, and the employees of such experts, consultants, or similar persons when working in connection with this action, under the supervision of said persons;

iv.  The officers, directors, or employees of a Party to this litigation, only to the extent that such persons are assisting counsel for that Party in the conduct of this litigation;

v.  The Court;

vi.  Court Reporters or other official personnel reasonably required for the preparation of transcript or testimony;

vii.  Witnesses/Deponents, either by deposition or trial testimony, who may be shown, and questioned, about the confidential material; and

viii.  Mediators and other individuals appointed by the Court in this matter.

8.    At any time prior to the close of discovery in this matter, any Party may object to the designation of any Protected Document as confidential. The objecting Party shall notify all other Parties of the specific documents or things by bates number, with regard to which the objecting Party wishes the Protective Order to be lifted. The producing Party then has 30 days to de-designate the challenged materials, meet and confer, and/or seek judicial relief. Pending such determination (or the expiration of the period in which the producing Party can seek judicial relief), the document shall be maintained as confidential material.

9.    Prior to the disclosure of Protected Documents, the attorney making such disclosure, shall furnish a copy of this Order to the person, firm, or corporation to whom the Protected Documents are to be disclosed, and shall advise such person that pursuant to this Order, such documents or information contained therein, may not be divulged or disseminated, in any way, to any other person, firm, or corporation. No person to whom Protected Documents are disclosed pursuant to the provisions of this Order shall disclose the Protected Documents to any person not entitled under the terms of this Order to receive them. Protected Documents, and any

copies thereof, and any notes, or summaries made therefrom, shall not be used by any Party receiving it, including such Party's attorneys, other representatives, or expert witnesses, for purposes other than the litigation of this action.

10.     All such recipients of Protected Documents, shall, by receiving Protected Documents produced subject to this Protective Order, submit to the jurisdiction of the United States District Court, Southern District of Texas, Houston Division, for the purposes of any action seeking to enforce the terms and conditions of this Order, or any action for contempt for violation of the terms of this Order. All persons, to whom the Protected Documents are disclosed, will provide their name, address, and telephone number as provided on the attached Exhibit A, evidencing their agreement to the terms of this Order. The names, addresses, and telephone numbers of all experts shall be entered on Exhibit A. Absent a showing of good cause, the expert information contained in Exhibit A, need not be disclosed to opposing counsel until after conclusion of the litigation, including appeals.

11.     The Parties shall not disseminate Protected Documents, except as otherwise provided herein.

12.     Protected Documents, and any copies thereof, may be disclosed to deponents during the course of their preparation for, and the taking of, their depositions. Prior to the disclosure of Protected Documents to a deponent, the attorney making the disclosure shall have the deponent sign Exhibit A, and advise the deponent to whom the documents or information contained therein are to be disclosed pursuant to this Order that such deponent may not divulge any such Protected Documents or the Confidential Information contained therein to any other person, firm, or corporation.

13.     In the event that a Party intends to include Protected Documents with, or disclose Confidential Information in any way by, any pleading, motion, deposition transcript, or other paper intended to be filed with the Court, such Party shall seek an order to file the pleading, motion, deposition transcript, or other paper intended under seal. Such pleading, motion, deposition transcript, or other paper intended to be filed, shall not be filed or otherwise disclosed until the Court hears the matter and rules on whether the pleading, motion, deposition transcript, or other paper may be filed under seal. The sealing is necessary because GM LLC has a specific, serious, and substantial proprietary interest, and there is no adverse effect that the sealing of these documents will have upon the general health and public safety, and there are no less restrictive means than sealing the records that will adequately and effectively protect GM LLC's proprietary interests.

14.     Counsel of record for the Party or Parties receiving Protected Documents may create an index of the Protected Documents, and furnish it to attorneys of record representing Parties involved in litigation involving the claims alleged in this suit and against the Party or Parties disclosing or producing the Protected Documents. The index may only identify the document, date, author, and general subject matter of any Protected Documents, but may not reveal the substance of any such document. Counsel for the Party or Parties receiving Protected Documents shall maintain a current log of the names and addresses of persons to whom the index was furnished.

15.     The term "copy" as used herein means any photographic, mechanical, or computerized copy, or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

16.     This Order will in no way restrict use of Protected Documents at trial or other hearing, subject to the provisions of Paragraph 13, sealing by the Court, and/or except as specifically provided by order of the Court directly addressing such use.

17.     The Parties will review their document productions for responsiveness, privilege, and confidentiality. Regardless of the steps taken to prevent disclosure, if a Party produces information that it later discovers, or in good faith later asserts, to be privileged, non-responsive, or otherwise protected from disclosure, the production of that information will not be presumed to constitute a waiver of any applicable privileges, relevance objections, or other protection, and the Party receiving the privileged, non-responsive, or protected information may not argue that the producing Party failed to take reasonable steps to prevent production of the privileged or protected materials. If a Party produces privileged documents, the Party may request, in writing, to claw back specific documents by referencing the bates numbers or otherwise identifying the document. Upon such request, the receiving Party shall treat the information as privileged or protected, and will comply with reasonable requests for the return or destruction of the information.

18.     After termination of this litigation, the provisions of this Order shall continue to be binding upon all individuals who were ever, at any time, bound hereby, except with respect to those documents and information, which become a matter of public record. This Court hereby retains and shall have continuing jurisdiction over each and every Party, who receives copies of Protected Documents or information hereunder, and their attorneys and experts, for enforcement of the provisions of this Order, following termination of this litigation. Consent to the continuing personal jurisdiction of this Court, for enforcement of this Order, shall be deemed given by any person receiving Protected Documents or Confidential Information hereunder.

19.     Neither the terms of this Order, nor any action in compliance with it, shall operate as an admission of the confidentiality of the information or document, or will in any way prejudice the rights of the Parties to seek Court determination of whether the documents or information may be disclosed, or whether it will remain subject to the terms of the Order.

20.     Counsel of record for each Party to this litigation shall within sixty (60) days of the conclusion of litigation, including appeals, produce to counsel for each other Party, a list, in the format identified as Exhibit A, of the names of each person to whom confidential materials and information covered by this Order has been disclosed.

21.     Any notes, memoranda, summaries, identification, or indexes related to any of the confidential documents or information produced during the course of this litigation shall not be disseminated to any persons, other than those specifically authorized by this Order.

22.     No copies of any documents or information subject to restricted access shall be made or furnished, and no information contained therein shall be disclosed to any person, expert, firm, or corporation except in compliance with this Order.

23.     This Protective Order and its terms may be modified by any subsequent Protective Order to which the Parties have agreed and/or which is entered by this Court. Any such subsequent Protective Order will be effective after it is signed by the Court, and only for the period of time specified in such Protective Order. After each such Protective Order expires, this Order shall once again be effective unless otherwise provided by the Court.

24.     This Order does not affect the producing Party's right to use its own Confidential Information in any way.

25.     All stamped confidential documents and all existing copies thereof (other than exhibits of record), shall be returned to the Party or person that produced such documents or its

attorneys of record, within sixty (60) days of the conclusion of this litigation, including appeals. No copies of confidential documents or information covered by this Order shall be retained, for any reason whatsoever, by any person, firm, or corporation, including attorneys.

Signed this 26th day of July, 2018.

Lee H. Rosenthal
Chief United States District Judge

## EXHIBIT A

I, the undersigned, acknowledge that I have read the Protective Order entered in the United States District Court for the Southern District of Texas, for the case of <u>R.D., a Minor Child, by and through Joshonda Lewis-Owens, as Next Friend, and N.G., a Minor Child, by and through Nicosia Gray, as Next Friend</u>, Civil Action No. 4:17-cv-03747, and I understand the terms thereof, agree to be bound by such terms, and to be subject to the jurisdiction of this Court for enforcement of all terms of the Protective Order.

**NAME** _____

**ADDRESS** _____

_____

**PHONE** _____

**LAW FIRM** _____

**CASE NAME** _____

**CAUSE NO.** _____

**VENUE** _____

**NAME** _____

**ADDRESS** _____

_____

**PHONE** _____

**LAW FIRM** _____

**CASE NAME** _____

**CAUSE NO.** _____

**VENUE** _____